CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED for Lynchburg
AUG 05 2011
JULIA E. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PATRICIA S. EWALD, | CASE NO. 6:10CV00047 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler<br>U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's November 8, 2006 application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on November 13, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff remained insured through June 30, 1999, and that she had not engaged in substantial gainful activity since January 1, 1992, her alleged disability onset date. (R. 15.) The Law Judge determined plaintiff's migraine headaches and chronic sinus infection were severe impairments. (*Id.*) The Law Judge further determined that, through her date last insured, plaintiff did not have an impairment or combination of impairments which met or equaled a

listed impairment. (R. 17.) The Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's residual functional capacity ("RFC") finding, which provided that she could perform a full range of light work. (R. 18, 20.) The Law Judge found that plaintiff's RFC did not preclude her from performing her past relevant work as an assistant photo lab manager. (R. 20.) Thus, ultimately the Law Judge found plaintiff was not disabled. (*Id.*)

Plaintiff appealed the Law Judge's November 13, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of her motion for summary judgment, plaintiff argues that the Law Judge failed to give proper weight to the opinions offered by Clement B. Binnings, Jr., M.D., one of her treating physicians. (Pl's Brief, pp. 19-21.)

2

It is a well-established general principle that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, the Commissioner may give it "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve those inconsistencies. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

On October 14, 2008, Dr. Binnings completed an assessment of plaintiff's physical ability to perform work-related activities. (R. 542-545.) He opined that plaintiff suffered the following impairments: chronic severe daily headache disorder, migraines, depression, and single vessel coronary artery disease. (R. 543.) This physician further opined that her ability to lift/carry was affected by her impairments, such that she could only occasionally lift and /or carry less than ten pounds and frequently lift and/or carry less than ten pounds. (R. 542.) He also offered that plaintiff could stand and/or walk less than two hours in an eight-hour workday, due to her overall poor physical conditioning and stamina. (*Id.*) However, he did not believe plaintiff's ability to sit or her abilities to push and/or pull were impaired. (R. 543.) Dr. Binnings further found that plaintiff suffered postural limitations and believed she could never climb ramps/stairs/ladders/ropes/scaffolds or balance, and that she could perform the following only on an occasional basis: kneeling, crouching, crawling or stooping. (*Id.*) He believed plaintiff's ability to reach in all directions (including overhead) was limited to only occasional reaching, and that her impairments or treatment would cause her to be absent from work more than three

times a month. (R. 544, 545.) Finally, and of significance to any decision here, Dr. Bennings opined that plaintiff's impairments and restrictions related back to at least January 1, 1992. (*Id.*)

In order to qualify for disability insurance benefits, plaintiff must establish that she became disabled prior to the expiration of her insured status, June 30, 1999. *See* 20 C.F.R. § 404.131(a). Medical opinions rendered after the date last insured may be probative to a disability determination, but such must relate back to the relevant period and offer a an informed retrospective opinion on the duration of an impairment. *See Wooldridge v. Bowen,* 816 F.2d 157, 160 (4th Cir. 1987). Even so, the Law Judge may discount such opinions when they are dated long after the date last insured and are inconsistent with other medical evidence from the relevant period. *See Johnson v. Barnhart,* 434 F.3d 650, 656 (4th Cir. 2005).

Here, Dr. Binnings' assessment was completed more than nine years after the expiration of plaintiff's insured status. More than that, his opinion that plaintiff suffered a debilitating condition with vocational restrictions as far back as January 1, 1992 is not supported by the record and is inconsistent with the substantial medical evidence developed during the relevant period. For example, in November 1992, plaintiff's then treating physician reported that her migraine headaches were being brought under control. (R. 199.) By March 1993, this physician noted that plaintiff had experienced a "dramatic improvement." (R. 197.) In April 1994, plaintiff's treating source again noted that she had experienced "dramatic improvement." (R. 190.) Other treating source records show that she was "substantially improved" or "significantly improved" in March and April 1996, by an estimated 50% reduction in severity and frequency. (R. 173, 175.)

This treating source medical evidence from the period prior to the date plaintiff's insured status expired provides substantial evidentiary support for the Law Judge's decision to discount

4

Dr. Binnings' retrospective opinion offered some nine years thereafter. Moreover, Dr. Binnings failed to provide any adequate basis to suggest his opinions should be given greater weight, especially in light of the fact that he had neither seen nor treated plaintiff prior to 2002. Thus, the undersigned concludes the Law Judge properly discounted Dr. Binnings' assessment.

Next, plaintiff argues that the Law Judge failed to properly evaluate her subjective complaints of pain in reaching his conclusion that she was not entirely credible. (Pl's Brief, pp. 21-25.) Plaintiff relies on the medical records to corroborate her testimony about the degree to which her limitations impact her ability to perform substantial gainful activity. (Pl's Brief, p. 21.)

A two-step process for evaluating subjective complaints was developed in *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). The two-step process corresponds with Social Security Ruling ("SSR") 96-7p and the regulations at 20 C.F.R. § 404.1529. At step one, the Law Judge must determine whether there is objective medical evidence showing the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. *Craig*, 76 F.3d at 594. At step two, the Law Judge must evaluate the intensity and persistence of the claimant's pain or other symptoms alleged based on all the evidence in the record, including the claimant's testimony. *Id.* at 595. Step two of the credibility analysis involves consideration of the claimant's statements of pain and other alleged symptoms, as well as factors such as: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) precipitating or aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatments, other than medication, received for relief of symptoms; (6) measures used to relieve symptoms; and (7) other factors concerning functional limitations and restrictions caused by symptoms. 20 C.F.R. § 404.1529(c)(3).

At step one, the Law Judge found that plaintiff's medically determinable impairments reasonably could be expected to produce the alleged symptoms. (R. 20.) At step two, the Law Judge found that plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent they were inconsistent with the Law Judge's RFC finding, which limited her to a full range of light work. (*Id.*) For the reasons that follow, the undersigned finds that the Law Judge's credibility finding is supported by substantial evidence.

Plaintiff's complaints of disabling limitations are inconsistent with the record evidence. For instance, plaintiff reported in March 1993 that she had been on a month long vacation to Switzerland and a cruise in the Bahamas. (R. 197.) In July 1998, plaintiff reported that she was taking care of her mother who suffered with dementia. (R. 166.) Moreover, plaintiff's subjective complaints conflict with the evidence offered by the State agency record reviewing physicians. Robert McGuffin, M.D. opined that plaintiff was only "partially credible," and that she retained the RFC to perform light exertional work during the relevant time period. (R. 265-271.) This opinion was echoed by Richard Surrusco, M.D. (R. 279-285.) Finally, the treating source evidence developed prior to the time her insured status expired is insufficient to show the Law Judge's resolution of this issue is not supported by the substantial record evidence.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14)

days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Aug 5, 2011
Date