CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

NOV 18 2011

JULIA C. DUDLEY, CLERK
BY: /s/ Tay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| PATRICIA S. EWALD,<br><br>                            *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>                            *Defendant.* | CIVIL NO. 6:10–cv–00047<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on consideration of the parties' cross-Motions for Summary Judgment (docket nos. 15 and 17), the Report and Recommendations ("R&R" or "Report") of United States Magistrate Judge B. Waugh Crigler (docket no. 19), Plaintiff's Objections (docket no. 20), and the Response (docket no. 21) filed thereto by the Commissioner of Social Security ("Commissioner" or "Defendant"). In his Report, Judge Crigler recommends that I grant the Commissioner's Motion for Summary Judgment, affirm the Commissioner's final decision, and dismiss this case from the Court's docket. Plaintiff timely filed objections to the Report, obligating the Court to undertake a *de novo* review of those portions of the Report to which objections were made. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982). Having conducted such a review, I find that Plaintiff's objections are without merit, that the magistrate judge was correct in finding that the Commissioner's final decision is supported by substantial evidence, and that Plaintiff did not meet her burden of establishing that she was totally disabled from all forms of substantial gainful employment. Accordingly, for the

- 1 -

reasons stated herein, I will overrule Plaintiff's objections and will adopt Judge Crigler's Report in full.

## I. BACKGROUND

Plaintiff was born in 1947 and completed one year of college coursework. Her past relevant employment consists of working as an assistant manager in a photo finishing laboratory. Plaintiff claims that she has been disabled from all substantial gainful employment since January 1, 1992. Plaintiff last met the insured status of the Social Security Act ("Act") on June 30, 1999. *See* 20 C.F.R. § 404.131(a) (noting that to establish a period of disability, one must have disability insured status in the quarter in which one is disabled). After a hearing, the administrative law judge ("ALJ") determined that Plaintiff suffered from migraine headache and chronic sinus infection impairments through her date last insured. The ALJ determined, however, that Plaintiff did not have an impairment or combination of impairments which met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ concluded that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible because they were inconsistent with what the ALJ determined to be Plaintiff's residual functional capacity ("RFC"), which provided that Plaintiff could perform a full range of light work. In addition, the ALJ determined that Plaintiff was capable of performing past relevant work as an assistant photo lab manager because such work did not require Plaintiff to perform work-related activities precluded by Plaintiff's RFC. Accordingly, the ALJ concluded that Plaintiff was not disabled under the Act.

Plaintiff appealed the ALJ's decision to the Appeals Council. The Appeals Council denied Plaintiff's request to review the ALJ's decision, making the ALJ's decision the final

- 2 -

Case 6:10-cv-00047-NKM-BWC Document 22 Filed 11/18/11 Page 2 of 10 Pageid#: 717

decision of the Commissioner. Plaintiff then filed the instant civil action, seeking judicial review of the Commissioner's final decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the matter to Magistrate Judge Crigler for proposed findings of fact and a recommended disposition. After the parties filed cross-Motions for Summary Judgment, the magistrate judge recommended that the Court grant the Commissioner's Motion for Summary Judgment, to which Plaintiff filed timely objections.

Plaintiff made two arguments in her Summary Judgment brief: first, that the ALJ failed to give proper weight to the opinions of one of Plaintiff's treating physicians, Dr. Clement Binnings, Jr., and second, that the ALJ failed to properly evaluate Plaintiff's subjective complaints of pain in reaching his conclusion that she was not entirely credible. Despite these arguments, the magistrate judge concluded that the ALJ's decision was supported by substantial evidence. R&R 4, 6. In response to Plaintiff's first argument, the magistrate judge concluded that Dr. Binnings's assssment "was completed more than nine years after the expiration of plaintiff's insured status," and further that "[Binnings's] opinion that plaintiff suffered a debilitating condition with vocational restrictions as far back as January 1, 1992 is not supported by the record and is inconsistent with the substantial medical evidence developed during the relevant period." R&R 4. When it comes to Plaintiff's second argument, the magistrate judge concluded that "Plaintiff's complaints of disabling limitations are inconsistent with the record evidence." R&R at 6.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "such

- 3 -

Case 6:10-cv-00047-NKM-BWC  Document 22  Filed 11/18/11  Page 3 of 10  Pageid#: 718

relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589. Nevertheless, determining whether the evidence presented by the ALJ to support his decision amounts to substantial evidence is a question of law, and therefore will be considered anew. *Hicks v. Heckler*, 756 F.2d 1022, 1024–25 (4th Cir. 1985) *abrogated on other grounds by Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988). Furthermore, "ALJs have a duty to analyze 'all of the relevant evidence' and to provide a sufficient explanation for their 'rationale in crediting certain evidence.'" *Bill Branch Coal Corp. v. Sparks*, 213 F.3d 186, 190 (4th Cir. 2000) (citations omitted).

### III. DISCUSSION

#### A. Opinion of Plaintiff's Treating Physician

Plaintiff first objects to the magistrate judge's determination that the ALJ properly rejected the opinion of Plaintiff's treating physician, Dr. Binnings. Dr. Binnings began treating

- 4 -

Case 6:10-cv-00047-NKM-BWC Document 22 Filed 11/18/11 Page 4 of 10 Pageid#: 719

Plaintiff on June 11, 2002, three years after the expiration of her insured status. R. 519. On October 14, 2008, Dr. Binnings filled out a Medical Source Statement assessing Plaintiff's vocational restrictions. R. 541–54. He opined that Plaintiff had the ability to lift less than ten pounds occasionally (or even frequently); was limited to standing and/or walking for less than two hours in an eight hour work day; had no limitations on her ability to sit, push, or pull; could never climb or balance; could occasionally kneel, crouch, crawl, or stoop; could frequently handle, finger, and feel; and that her impairments or treatment would cause her to be absent from work more than three times per month. R. 542–44. Significantly, Dr. Binnings opined that these restrictions existed and persisted at least since January 1, 1992. R. 545.

In Plaintiff's objection, she argues that while Dr. Binnings did not begin treating Plaintiff until after her insured status expired, his medical notes reflect his understanding of her "complicated and lengthy medical history." Pl.'s Obj. 1. Specifically, after Plaintiff's initial meeting with Dr. Binnings on June 11, 2002, he noted that her past medical history is "quite complex" and then summarized her past prescription drug use. R. 517–18. Based on that, Plaintiff argues that Dr. Binnings is "well aware of [her] long history of headaches and therefore, is more than competent to render an opinion not only regarding [P]laintiff's functional limitations but also that the onset of such limitations is January 1, 1992." Pl.'s Obj. 2.

As a general rule, a treating physician's testimony is given greater weight than non-treating physicians' testimony. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If a treating physician's opinion is retrospective—that is, made subsequent to the expiration of a claimant's insured status—it is not automatically barred from consideration, and it may be relevant to prove a previous disability. *Wooldridge v. Bowen*, 816 F.2d 157, 159 (4th Cir. 1987). Like all other opinions by a treating physician on the nature and severity of a claimant's impairments, a

Case 6:10-cv-00047-NKM-BWC Document 22 Filed 11/18/11 Page 5 of 10 Pageid#: 720

retrospective opinion must be supported by medically acceptable clinical and laboratory diagnostic techniques and must not be inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Importantly, Dr. Binnings made a retrospective observation about Plaintiff's complex medical history three years *after* the expiration of her date last insured and had not previously treated her. *See Johnson v. Barnhart*, 434 F.3d 650, 656 (4th Cir. 2005) (upholding an ALJ's decision to reject a treating physician's assessment that was given nine months after the plaintiff's date last insured) (citations omitted). Perhaps more importantly, Dr. Binnings's observation in no way indicated how Plaintiff's complex medical history restricted her vocational abilities prior to her date last insured. Even to the extent his observation does suggest that Dr. Binnings understood Plaintiff's vocational restrictions prior to the relevant period, Dr. Binnings's Medical Source Statement, conducted six years later, did not reference it to justify his retrospective opinion. Rather, Binnings's Medical Source Statement is essentially a checklist with several short statements concerning Plaintiff's symptoms that he observed *while he was her treating physician*, which, as noted, was not during the relevant period. As the magistrate judge correctly observed, Dr. Binnings's assessment is inconsistent with the substantial evidence developed during the relevant period. For example, the magistrate judge noted that in November 1992, Plaintiff's then-treating physician reported that her migraine headaches were being brought under control; in March 1993, the same physician noted that Plaintiff had made a "dramatic improvement"; other treating source records show that she was "substantially improved" or "significantly improved" in March and April 1996 by an estimated 50% reduction in severity and frequency. R&R 4. Thus, the ALJ was correct in discounting Dr. Binnings's opinion and

Case 6:10-cv-00047-NKM-BWC Document 22 Filed 11/18/11 Page 6 of 10 Pageid#: 721

instead relying on the substantial record evidence that did describe and define Plaintiff's physical and mental conditions during the relevant period. Accordingly, this objection fails.

## B. ALJ's Credibility Determination

Plaintiff's next objection argues that the magistrate judge improperly evaluated her subjective complaints of pain in upholding the ALJ's conclusion that she was not entirely credible. A claimant's subjective complaints of pain must be supported by objective medical evidence. *Johnson*, 434 F.3d at 657; *Craig* 76 F.3d at 591. The evidence must show the existence of a medical impairment that could reasonably be expected to produce the amount and degree of pain alleged. *Johnson*, 434 F.3d at 657; *Craig*, 76 F.3d at 591.

The magistrate judge concluded that Plaintiff's complaints of disabling pain are inconsistent with the record medical evidence. R&R 6. He first observed that Plaintiff was able to travel to Switzerland and the Bahamas in 1993. *Id.* In Plaintiff's objection, she argued that while she did have periods of improvement that allowed her to take these trips, any improvements were temporary, and she continued to suffer from intractable migraines. Pl.'s Obj. 2. The ALJ did not disregard that fact, however. The ALJ's review of the earliest medical records during the period of Plaintiff's date last insured reveals that, by Plaintiff's own admission, the frequency of her headaches was related to her use of caffeine and cigarette smoking. R. 16. Significantly, the ALJ noted that during the period of improvement that allowed her to take the aforementioned trips, Plaintiff reported to her then treating physician, Dr. J. Gordon Burch, that she had stopped all use of caffeine and nicotine, that her headaches were coming under control, and she was extremely pleased with how well she was doing. *Id.* As the ALJ observed, however, Plaintiff subsequently resumed her caffeine and cigarette habits. *Id.* On at least three occasions, Plaintiff had been medically recommended to stop smoking, but refused

to do so. R. 17. *See Choate v. Barnhart*, 457 F.3d 865, 872 (8th Cir. 2006) (affirming an ALJ's decision to discount a claimant's subjective complaints where the claimant was noncompliant with the treating physician's instructions, including the instruction to stop smoking).

Plaintiff also objected to the magistrate judge's reliance on Plaintiff's ability to care for her ailing mother in 1997 as evidence that she was not disabled during the relevant period. Pl.'s Obj. 5. Specifically, Plaintiff's objection implied that caring for her mother required minimal effort, emphasizing the fact that her mother spent the entire day in an adult daycare facility, and when she returned in the late afternoon, Plaintiff's husband would help care for her mother. Pl.'s Obj. 5. The ALJ, however, specifically recounted Plaintiff's testimony concerning the daily activities she took in order to care for her mother, which included rising on a consistent basis, getting her mother ready for day care by dressing her and preparing her breakfast, and having the mother returned at 4:00 p.m. R. 19. To the extent this evidence does not conclusively establish that Plaintiff was not disabled during the relevant period, Plaintiff's argument is still undercut by the ALJ's observation that Plaintiff currently has a rather "active life." *Id.* The ALJ noted that Plaintiff's daily activities include caring for multiple family pets, reading, making meals, playing with her pets, cleaning, doing laundry, ironing, washing windows, loading a wood stove, watering flowers, being out-of-doors daily, and shopping for groceries, clothes, shoes, gift cards, and household supplies, driving, and playing bridge. *Id.* As the ALJ pointed out, while Plaintiff reported these activities as of December 2006, she indicated that she has become significantly worse with time. *Id.* Accordingly, the ALJ reasonably concluded that if Plaintiff can perform these daily activities under her now-worsened condition, then that makes her claims of disabling pain prior to her date last insured less credible. *Id.*

Case 6:10-cv-00047-NKM-BWC Document 22 Filed 11/18/11 Page 8 of 10 Pageid#: 723

Finally, Plaintiff objected to the magistrate's conclusion that state agency physicians provided substantial evidence for the ALJ's credibility determination when those physicians deemed Plaintiff only "partially credible" and found that Plaintiff retained the RFC to perform light exertional work during the relevant period. Pl.'s Obj. 5–6. Specifically, Plaintiff indicated that the state agency physicians had never examined Plaintiff, yet the ALJ relied on their opinions over Dr. Binnings's opinions, despite Binnings having been Plaintiff's treating physician for a substantial period of time. Pl.'s Obj. 6. While it is true that "a non-examining physician's opinion cannot, by itself, serve as substantial evidence in the record," *Martin v. Sec'y of Dep't of Health, Educ. & Welfare*, 492 F.2d 905, 908 (4th Cir. 1974), the ALJ did not solely rely on the state agency physicians' opinions, but also relied on record medical evidence from Plaintiff's treating sources that was consistent with the state agency physicians' opinions. Moreover, as explained above, the ALJ properly discounted Dr. Binnings's opinion because he did not treat Plaintiff prior to her date last insured, in contrast to the other treating sources on whom the ALJ did rely.

Based on this review of the record, the ALJ's credibility determination was supported by substantial evidence. Plaintiff's objection to the magistrate judge's Report essentially asks the Court to re-weigh conflicting evidence; however, that job belongs to the ALJ. *See Craig*, 76 F.3d at 589 ("[W]e do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ."). This Court's responsibility is to determine whether the ALJ's credibility determination is supported by substantial evidence. *Id.* Finding such support, Plaintiff's objection fails.

## IV. CONCLUSION

After undertaking a *de novo* review of those portions of the Report to which Plaintiff objected, I find that substantial evidence supports the ALJ's determination. Accordingly, I will enter an order overruling Plaintiff's objections, adopting the magistrate judge's Report *in toto*, granting the Commissioner's Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, and dismissing this action and striking it from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to United States Magistrate Judge B. Waugh Crigler.

Entered this 18th day of November, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE